FILED - KZ
March 30, 2009 4:09 PM
TRACEY CORDES., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

# United States District Court
# Western District of Michigan

| | |
|---|---|
| Mark A. Price PRO SE ) | Case # 1:09 CV-085 |
| Plaintiff ) | |
| ) | HON. ROBERT J. JONKER |
| ) | U.S. District Judge |
| V. ) | |
| ) | Hugh W. Brenneman, Jr. |
| ) | U.S. Magistrate Judge |
| LORI ANN EIRING ) | |

### RESPONSIVE BRIEF IN SUPPORT OF DENYING MOTIONS TO DISMISS BY DEFENDANTS STATE FARM INSURANCE, JANIS LANCASTER, AND KELLIE KLINGAMAN

### PLAINTIFF REQUESTS ORAL ARGUMENTS

### JURISDICTION

Plaintiff filed his complaint in federal court asserting federal-question jurisdiction under 28 U.S.C. § 1331. Pursuant to Section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff has alleged violations of Federal Law. To determine whether federal-question jurisdiction exists, the courts look to the plaintiff's complaint. In this case dismissal under 12 (b)(1) hinges entirely upon the Courts ruling on dismissal under 12 (b)(6).

Plaintiff's amended complaint does not rely on 28 U.S.C. 1332

Plaintiff has pled 18 USC 1962 Federal Question relating to jurisdiction under 28 USC 1331. And 42 U.S.C. 1983 Federal Question relating to jurisdiction under 28 USC 1331. Therefore Federal Jurisdiction is appropriate.

### STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(b)(6) if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 44 (2d Cir.1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 [1957]); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir.1993), "a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir.1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 [2d Cir.1991]); *International Audiotext Network, Inc. v. AT & T Co.*, 62 F.3d 69, 72 (2d Cir.1995); *Paulemon v. Tobin*, 30 F.3d 307, 308-09 (2d Cir.1994).

It is not the Court's function to weigh the evidence that might be presented at a trial; the Court must merely determine whether the complaint itself is legally sufficient, *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985), and in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true, *Strom v. Goldman, Sachs & Co.*, 202 F.3d 138, 139 (2d Cir.1999); *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991); *Procter & Gamble Co. v. Big Apple Indus. Bldgs., Inc.*, 879 F.2d 10, 14 (2d Cir.1989), 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990), and construe all reasonable inferences in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996); *LaBounty*, 933 F.2d at 123; *Bankers Trust Co. v. Rhoades*, 859 F.2d 1096, 1098 (2d Cir.1988), 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989).

"The purpose of a motion to dismiss is to examine whether it appears beyond doubt that plaintiffs can prove no set of fact in support of their claim that would entitle them to relief." *Chen v. Wang*, 1996 WL 732517, *11 (N.D.Ill. Dec. 17, 1996).

Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice," Fed.R.Civ.P. 8(f).

The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995), *cert. denied*, 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996) (quoting *Scheuer*, 416 U.S. at 236, 94 S.Ct. 1683). Recovery may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal under Rule 12(b)(6). *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995)

In addressing the defendants' motions, the Court should be mindful that the plaintiff is proceeding *pro se* and that his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner*,

404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)); *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir.1998) . Plaintiff asks the Court to make reasonable allowances so that a *pro se* plaintiff does not forfeit his rights by virtue of his lack of legal training.

Although not an officer of the Court I hold myself accountable to treat all persons, and this Court with respect. Plaintiff proceeds *pro se* out of necessity, not to be free of the ethical restraints to which Attorneys are bound. Plaintiff presents his case on it's own merits.

### Plaintiff's Commitment To The Court

1. I will speak and write civilly and respectfully in all communications with the court.
2. I will be punctual and prepared for all court appearances so that all hearings, conferences, and trials may commence on time; if delayed, I will notify the court and counsel, if possible.
3. I will be considerate of the time constraints and pressures on the court and court staff inherent in their efforts to administer justice.
4. I will not engage in any conduct that brings disorder or disruption to the courtroom.
5. I will not knowingly misrepresent, mischaracterize, misquote, or miscite facts or authorities in any oral or written communication to the court.
8.  I will act and speak civilly to court marshals, clerks, court reporters, secretaries, and law clerks with an awareness that they, too, are in integral part of the judicial system.

_____
Mark A. Price

### VENUE IS NOT DISPUTED!

### INTRODUCTION

The defendants brief makes no argument against Plaintiffs RICO claim, the brief does however address the Wire & Mail fraud, as private cause of actions, Plaintiff has pled these as predicate acts under RICO, not as a private cause of action, they are better addressed in the amended complaint.  Intentional Infliction of Emotional Distress will be developed during litigation, and Plaintiff states this cause of action to put Defendants on notice. *Res Judicata* could not apply in this action, Plaintiff does not seek to have this Court render judgment on any of the claims in that case.       Although I did not verify it, believing the Court is correct, and as it would have seemed unreasonable to  have questioned it, I accepted that all claims in that case were beyond the statutes of limitation, and could not be raised in this or any Court. All actions I seek in this Court are recently discovered, I have  pursued them with reasonable diligence, and tenacity, Plaintiff was deterred by the fraudulent concealment of the Defendants, but as soon as I discovered the existence and source of my injury, and an appropriate way to address it I acted, not wanting to allow a  statute of limitations defense. Defendants' argument for dismissal would violate the *Rooker-Feldman Doctrine* To support Defendants argument, This Court would have to rule that State Farm Insurance was a party in that case, which would directly impugn State

3

Farm Insurances' vice president whose Affidavit denies any association with, or the existence of the Defendants in the cited case 2007-981-CK further more Defendants argued that they were not a party to that case, and could not be made a party to that case under any circumstance, since Plaintiffs argument in that case lacked legal merit, but they defended it, The Judge dismissed the motion, and ruled in State Farm Insurances favor, that they were not a party, and ordered the Plaintiff to pay $4122.47 to cover their legal fees.

## BRIEF

1. *res judicata* Plaintiff sued State Farm Mutual Insurance Company, A non-existent company with a limited right to claim *res judicata* Not a part of, or associated with any of the defendants, SEE: CASE 2007-981-CK Affidavit: of Greg Clapper. (ATTATCHMENT 1)

"2. I am an assistant vice president- accounting, and an assistant secretary- Treasurer of State Farm Mutual Automobile Insurance Company......I Am Also an assistant secretary- Treasurer of State Farm Fire and Casualty Company......I have been employed by State Farm Auto since 1972 As part of My job duties, I am responsible for the Preparation of the Annual Statements requires that corporate information, including dates of incorporation, names of certain officers and directors, and other business information required to be included in the Annual Statement be available to me and my staff. My department is also the custodian of the state licenses of all of the property and casualty affiliates of State Farm Auto. (Atatchment 1)

3. There is no business or legal entity that issues insurance policies under the name "State Farm Mutual Insurance Company." There is no insurance company by that name licensed in any state to sell policies of insurance.

Plaintiff gave State Farm Insurance numerous occasions to join in the CASS action, but they declined. In the final ruling in Case 2007-981-CK Larry Korolewicz, argued.

### Even If This Court Had Jurisdiction To Entertain Plaintiff's Motion, Plaintiff's Argument Does Not Alter The Fact That Plaintiffs Sued The Wrong Entity

" Plaintiffs sued "State Farm Mutual Insurance Company" The insurance policy for Plaintiffs' motor vehicles was issued by State Farm Mutual Automobile Insurance Company ("State Farm Auto")………..Plaintiffs' auto claim was handled by State Farm Auto. Plaintiffs dispute is with State Farm Auto, not with defendant "State Farm Mutual Insurance Company," the entity Plaintiff sued…………..As stated in this Courts opinion at the August 11, 2008 hearing, and subsequently incorporated into this Courts order granting summary disposition to defendants, "the wrong corporate entity has been sued, it should have been State Farm Auto, not State Farm Mutual Insurance,…." (hearing Transcript At 19…….)

Defendants have put great effort into Stating, and having the Court in Cass Rule that they are not the party sued in case **2007-981-CK**. Asking this Court to dismiss because "CLEARLY THAT LAWSUIT INVOLVED THE SAME PARTIES AND THEIR PRIVIES, INCLUDING STATE FARM

EMPLOYEES KELLIE KLINGAMAN, AND JANIS LANCASTER." Would violate the *Rooker-Feldman Doctrine*.

Certainly asking this Court to over-rule Cass, and order that Defendants were the party sued, would be predicated upon a conviction that the State Court was wrong. This Court must leave intact the state courts ruling, State Farm Insurance was not a party in 2007-981-CK. Coles v. Granville, 448 F.3d 853 (6th Cir., 2006).

2. Plaintiff assures this Court that he is not seeking review of the state court decision or questioning the validity of any rulings, adjudicated in (2007-981-CK). Defendants argued that they <u>had not been parties in that case,</u> and Plaintiff does not seek to dispute that.

3. This case is about actionable claims that 1. I have never prosecuted 2. Against Defendants I have not sued.

18 USC 1962 (c )

1. Plaintiff has sufficiently alleged a timely and actionable claim under 18 USC 1962 predicate acts namely Mail Fraud, wire Fraud, securities fraud, and obstruction of Justice. RICO provides a private right of action for treble damages to "[a]ny person injured in his business or property by reason of a violation," as pertinent here, of §1962(c), which makes it "unlawful for any person employed by or associated with" a qualifying enterprise "to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity," including "mail fraud," §1961(1)(B). Mail fraud, in turn, occurs whenever a person, "having devised or intending to devise any scheme or artifice to defraud," uses the mail "for the purpose of executing such scheme or artifice." §1341. The gravamen of the offense is the scheme to defraud, and <u>any</u> "`mailing . . . incidental to an essential part of the scheme' . . . satisfies the mailing element. As long as the scheme is the proximate cause of ones injury Plaintiff has Alleged the scheme. To receive title without payment for the vehicle. This particular scheme is part of a greater scheme to prevent Plaintiff, from receiving additional monies owed, under Replacement Cost Benefits (RCB). State Farm Insurance, and it's assigns, in privity with it Knew, that Plaintiff was still entitled to in excess of $140,000.00 on this date 1-29-2007, and yet Defendants engaged in a scheme to create a lien release showing that the lien had been satisfied, and GMAC held no further interest. For the purpose of allowing State Farm Insurance to get a scrap title.

2. The fraudulent document was sent by wire (faxed from Colorado to Michigan on 1-29-2007) in furtherance of the scheme. In violation of 18 USC 1343 Wire Fraud a RICO predicate act

3. This scheme was unknown, and unknowable at this time, to all except the participants in it (GMAC apparently ignorant then, and ignorant now would advance the theory they were the ones at risk by giving up their security in this title) but two weeks went by allowing the opportunity for the defendants to stop before crossing the line, and yet on February 15th 2007 defendants faxed the release again. It would appear from the record that Lori Eiring, may not have known of State Farms' greater scheme, to

5

avoid paying the $140,000.00, but this does nothing to change the injury that Plaintiff would suffer due to her participation in this scheme. Or her responsibility.

4. Plaintiff had a right to be secure in his property, and a right to due process under the law, free from unreasonable seizure

5. Lori's quasi-judicial hearing, and consideration of evidence offered only by State Farm Insurance, violated Plaintiffs right to Due Process A person is entitled to notice and opportunity to be heard at a hearing when they have life, liberty, or property at stake.

6. Lori's decision to grant State Farm Insurance, the lien release to a vehicle they had not paid violated Plaintiffs' right to be secure in his property.

7. Lori knew, or should have known that the use of State Granted authority to deprive Plaintiff of his rights was a violation of her duties.

8. No matter how impassioned the plea or the evidence offered Lori Eiring, has committed, an act that will forever change the security, and freedom of Plaintiffs' family.

9. Civil Conspiracy: These 3 defendants did knowingly and willingly conspire to produce and use a Fraudulent written instrument.

10. I have turned to the common law of criminal conspiracy to define what constitutes a violation. The producing of the document is the illegal act. It is the tort that stands alone the agreement between defendants to produce it is the conspiracy. Conspiring to produce the document is not enough, Bringing into the tangible the object of that conspiracy is the next element. The object of the conspiracy is produced (Exhibit12 ) Original Complaint. The final element of the tort would be the use of the document to cause injury. State Farm used the document to receive a scrap title from the Michigan SOS. Taking ownership to Plaintiff's vehicle, and selling it to a third party. Depriving Plaintiff of that right to his vehicle,

11. When Plaintiff provided final payment on a vehicle, and a <u>lien release</u> was sent (February 06, 2008) it was useless. It would purport to be the legal document to show that "GMAC does not hold the title to the above described vehicle. The lien in favor of GMAC has been satisfied and we hold no further interest."

12. Providing this document to the Michigan SOS to clear title, and show an unencumbered title would reveal that State Farm had provided a similar document, a year earlier. And a title was sent to them, that title is a fraud, secured through fraudulent means, and was the product of the Civil Conspiracy.

13. Defendants did produce a fraudulent document, and did send that document by use of Interstate Wire on 1-29-2007. (RICO predicate act Wire Fraud) Using the wire to execute or attempt to execute a scheme to defraud is indictable as wire fraud, and hence a predicate act of racketeering under RICO, even if no one relied on any misrepresentation. (Which they have the SOS relied on it to provide State Farm with a title) See Neder v. United States, 527 U. S. 1, 24-25 (1999) ("The common-law

6

requiremen[t] of `justifiable reliance'. . . plainly ha[s] no place in the [mail, wire, or bank] fraud statutes"). And one can conduct the affairs of a qualifying enterprise through a pattern of such acts without anyone relying on a fraudulent misrepresentation.

14. State Farm again wired this document on 2-15-2007. (RICO predicate act Wire Fraud) each time this document is distributed through the Mail or by Wire in furtherance of the scheme it violates the statue.

15. It is worth noting that it seems to be hard for "legitimate business" to accept that they are ever "illegal" and yet RICO makes it illegal "to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity,"

16. State Farm is an enterprise involved in interstate commerce, For a legitimate purpose which Congress perceived hardly insulated them from someone using the enterprise to harm others, Yet Congress wanted to reach both "legitimate" and "illegitimate" enterprises. United States v. Turkette, supra. The former enjoy neither an inherent incapacity for criminal activity nor immunity from its consequences.

17. The Silent Fraud is a significant indicator of a conscious knowledge that these acts were wrong, and yet because the "enterprise is legitimate" they believe they're actions must be legitimate as well. This is one of the problems RICO seeks to cure.

18. Congress believed that "directly injured victims can generally be counted on to vindicate the law as private attorneys general, without any of the problems attendant upon suits by plaintiffs injured more remotely,"

19. State Farm's argument fails to show a lack of cause for this Law Suit, in fact it shows the very thing Congress also wanted to combat "Continued criminal activity" after engaging in such acts State Farm makes no effort to stop, but rather points a finger of blame at others with a how dare you question us. The law was meant to combat the use of an enterprise to take by force, rather than earn, the summary of events is to show why State Farms request should be denied.

20. On March 8th 2006 Plaintiff suffered a fire loss at his home in Cass County, Michigan resulting in a total loss of his home, as well as damage to 1 vehicle, and total destruction of 3 others.

21. In September of 2006 State Farm Insurance agreed to pay the claim, and calculated a claim amount for Plaintiff's vehicles, demanding signed titles in exchange for the checks they have calculated, They tell you what is yours, and take the titles because according to State Farm they must provide the payoff to the lien holders, you cannot have your equity (if any) without providing the signed title. And they are the ones that tell you what your equity is, State Farm will not answer how they reach, any of they're calculations, even when asked.

22. The title is signed and provided to State Farm with a well understood meaning, I have been paid the equity I have in this vehicle, State Farm was to provide payment to GMAC for they're equity, and get they're signature (lien release) to complete the transaction, I could do nothing but trust them to do just that, I could not have demanded that they give me the money, because I did not trust they would make

7

the payment to GMAC and clear my liability, State Farm was vicariously liable, I had a contractual relationship with GMAC, to satisfy my obligation I would need to pay for the vehicle in full, I must maintain insurance on the vehicle to protect GMAC's interest it's hard to fathom how the insurance company I contracted with to protect my interest, and meet the contract requirement to protect GMAC's would conspire against Plaintiff, and yet my financial interests were destroyed at the expense of State Farms. I did not sign and give my vehicle title to an unknown con artist, State Farm had a fudiciary duty to complete the transaction and satisfy the lien. My trusting them to do so is expected. To suggest that I am unwilling to provide my insurance company with a signed title upon they're payment to me for my equity, because I do not trust them to complete the transaction, and satisfy the lien after I have signed the title, would leave me in a circular argument with little support. Conspiring to get a lien release, and so doing without that payment is a breach of fiduciary duty.

23. Mark Price executed the signed title, on 9-27-2006 State Farm received that title on 9-27-2006, along with a fiduciary duty to satisfy the remaining lien. State Farm breached that duty.

24. Separate of the loan, But held in security of the loan by way of collateral, was a title to a vehicle, GMAC had a fudiciary duty to protect that collateral, releasing that collateral without satisfaction to a third party, while still holding that Plaintiff owes an obligation for that collateral to GMAC boggles the mind, once again the silent fraud is telling of they're frame of mind. We will not disclose the document that we have produced indicating the lien has been satisfied, and we hold no further interest, they fully understand why the release of that title would leave GMAC without security, if they had provided it to me I would believed it reflected that State Farm had satisfied the lien, as it indicates, but that security was shared by Plaintiff. GMAC could not release they're security without releasing Plaintiff's security. GMAC removed State Farms incentive to fulfill they're obligation to Plaintiff, Plaintiff could not require State Farm to meet the obligation, or not get the release of title, GMAC choosing to produce a document, notarizing it, and providing it to State Farm, because State Farm said they were entitled to it, and just collect the money from Mr. Price is again mind boggling. That employees of an enterprise believe that they are not bound by the constraints of the Law, if they know what is best just do it. We did what we were suppose to do so we are entitled to the result we expect to get. If you buy a car, sign the contract, and go the next day to pick it up, do you say that's not the car I meant to buy, I know what car I meant to buy, and I am taking that one. Are we missing the forest for the trees, RICO doesn't apply to legitimate business its for those criminals.

25. GMAC's release to State Farm stating they had been satisfied and held no further interest was fraudulent. It did not represent the truth, it represented what the defendants meant the truth to be. RICO is meant to prevent an enterprise from doing what they want because they are more powerful than the competition and are not restrained by the rights of others legitimate companies get lost in motive, we are not criminals because are motive is not to steal, we are just fixing a problem, its better for us just to

take what we meant to buy because we know that's what we were buying, we wouldn't demand they just give us a car we paid what we believed was the right amount, so we take what we say is ours.

26. State Farm was asked numerous times about they're payments to GMAC both verbally, and by letter sent certified mail. At first telling Plaintiff, they did not know what was wrong, and they would check, and then by sending Plaintiff a letter stating that they would need a signed release to check, on this problem, But now knowing they had conspired to, and actually receive the title. Shows a conscious knowledge they knew they were wrong, unlike those criminals that just take what they want. State Farm took an overt posture, being exposed is not what they want, they weren't trying to be criminal so we'll just hide it, what about the Price family?, Its them or us, we can't admit it now, besides I heard Mr. Price is a thief why would we want to look bad its not like were really being criminal. We just won't tell Mr. Price. silent fraud/misrepresentation. (RICO predicate acts)

27. July of 2008 the document was mailed by the Michigan SOS as verification in a title search to Mark Colon, partner to Larry Korolewicz. It allows them to further the scheme to defraud Plaintiff by continuing to hide that it exists (Mail Fraud) RICO predicate act.

28. Larry switched the document from the SOS with the one received from GMAC, to eliminate the heading added to the document, when State Farm faxed it on 2-15-2007, and presented it to the Court in Cass, further damaging Plaintiff. And extending the Civil Conspiracy, but now exposure would be devastating so we will dispense with the gentle fraud, and get rid of this guy. People will not believe him he's the fraudulent one because we said so, we can not be exposed at any cost. I would believe at this point they at least realize they are no different than other types of organized crime, and they won't stop, they can't stop, its us or the Price's (lying, obstruction of justice, not a problem) RICO predicate acts, they have a vast enterprise that has legitimate purpose, so they don't pay a few claims here or there, we don't think they deserve any more, and if they attempt to fight back, we are bigger, we have more money, besides people will believe us. Society needs us we provide jobs and we help people (were like a good neighbor, except for that old guy down the street, but he was old, oh and that lady in Arkansas, but she was poor, we gave her enough) It's more than possible to continue it's highly likely, the average person that would be harmed by these patterns of "racketeering activity's" can't fight back, or don't know how, the average person can't help, and odds are the putative offender will fight to not be exposed. It makes you wonder if RICO is flawed, or is it that those who would be exposed by it's application would attack the law instead of maintaining a wide berth to using a pattern of racketeering activity, I think the wide berth was the intent.

29. Larry supplied the document as just discovered that morning, on 8-11-2008, On behalf of (State Farm Mutual Insurance Company) that company doesn't exist, but Larry still lied, and State Farm Insurance has had it since 1-29-2007, ( Fraud on the Court, and Fraudulent misrepresentation.) Predicate Acts of RICO

9

**Breach of Fiduciary Duty**

A fiduciary duty is one of complete trust and utmost good faith, Plaintiff agrees that the situation that would give rise to a claim of fiduciary duty, as in the present case are limited, but that is not to say, never exists. Other than treating the transaction regarding vehicle titles with closing like are used with real estate, the complete trust and utmost good faith, when signing a title to provide to your insurance company, would be expected along with the fiduciary duty this presents, there are few times these relationships reach this level, but that is no excuse for not fulfilling that duty.

## 42 USC 1983

To state a claim under Section 1983, a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law. *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir.2003). A plaintiff must also allege that the conduct deprives the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Plaintiff was deprived of his right to due process, Defendants conducted a quasi-judicial hearing, Plaintiff was not given notice or opportunity to be heard, or to offer any evidence or defense. State Farm presented evidence that they had intended to pay for a vehicle VIN# that they had an agreement to pay a certain amount, and that although they had not paid for the vehicle they had received title to and agreed to pay they believe they had paid enough. The hearing ended with a decision against Plaintiff, Lori decided State Farm had met they're agreement based on State Farm's testimony, and that a lien release would be created showing GMAC's lien had been satisfied, and that GMAC held no further interest, so that the vehicle belonging to Mark Price would be transferred to State Farm, It was further decided that any money that should have been collected before the lien was actually satisfied would be received from Mark Price by way of litigation in a Michigan Court of Law. To guarantee this no evidence would be sent to Mr. Price of this meeting, and Kellie need only tell Mr. Price that she had paid for the vehicle, and that she was unsure what the problem was, but that she would take care of it, after Judgment in favor of GMAC in Michigan Court, State Farm would deny Plaintiff's claim alleging fraud by Plaintiff, and Attorney Korolewicz would do the rest.

## CONCLUSION

State Farm has engaged in a scheme to defraud Plaintiff, with no intent to pay Plaintiff for replacement cost benefit, when State Farm learned of the error in payment to GMAC, although more than $140,000.00 remained available to Plaintiff, State Farm conspired with GMAC to cover up the mistakes, on 1-29-2007 Defendants Lori Eiring and Shounette Galles (SIC) created the false document, and faxed it to Kellie Klingaman (State Farm). State Farm faxed the document to show lien release, and secure title to Plaintiff's vehicle on 2-15-2007, State Farm set about a scheme to defraud, rather than informing Plaintiff. Plaintiff made his 1st submission toward the remaining monies in late February 2007 on or about 2-30-2007. State Farm had made no attempt to inform Plaintiff of any problem with the title, State Farm had already conspired to create a fraudulent release. Received the release by Fax, and used the release document to secure a title, If State Farm had intended to pay

the $140,000.00 still available to the Plaintiff, one wonders why State Farm would not inform Plaintiff of the "mistake", instead Plaintiffs 1st submission sent at the end of February 2007 for Approx $8500.00, was received by Plaintiff on or about 3-5-2007 for Approx $10,000.00, believing this was an error. State Farm was told about the discrepancy, and State Farm indicated they had added in other items from the receipts that Plaintiff had not claimed, when Plaintiff submitted the next request on or about 5-1-2007 and State Farm accused Plaintiff of fraud. I now seek redress in this Court I have done so by means that are legally sufficient to state a claim, I did not create the evidence to support a claim, I stated a claim that my evidence supports. State Farm relies on the perception they are honest, and everyone defrauds the insurer, State Farm is working from self fulfilled prophecy (evidence). State Farms request to dismiss fail on the merits and should be denied.

MARK A. PRICE Pro Se
PO Box 201
Dowagiac, MI 49047
PRO SE

Date 3-22-2009
3-27-2009

(574) 532-1234