UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| **Mark A. Price**, pro se | Case No. 1:09 CV-085 |
| Plaintiff, | HON. ROBERT J. JONKER<br>U.S. District Court Judge |
| -vs- | |
| **Lori Ann Eiring,**<br>**Semperian,**<br>**Shonuette Galles (SIC),**<br>**G.M.A.C.,**<br>**Kellie Klingaman,**<br>**Lawrence Korolewicz,**<br>**State Farm Insurance,**<br>**Janis Lancaster,** | HON. HUGH W. BRENNEMAN, JR.<br>U.S. Magistrate Judge |
| Defendants.<br>_____/ | |

| | |
|---|---|
| Mark A. Price, *Pro Se Plaintiff*<br>2500 Kathryn Street<br>Niles, MI 49120<br>(574) 532-1234 | Michael P. Risko (P45817)<br>Joel W. Baar (P56796)<br>Bolhouse, Vander Hulst, Risko,<br>  Baar & Lefere, PC<br>Attys for Defs GMAC, Semperian & Eiring<br>3996 Chicago Drive SW<br>Grandville MI 49418<br>616-531-7711 |
| Scott A. Storey (P30232)<br>Foster Swift Collins & Smith, PC<br>Attorneys for Defendant Korolewicz<br>313 South Washington Square<br>Lansing, MI 48933<br>(517) 371-8100 | John P. Lewis (P49630)<br>Hackney Grover Hoover & Bean, PC<br>Attys for State Farm, Klingaman, Lancaster<br>3514 Rivertown Point Court, Suite B<br>Grandville, MI 49418<br>(616) 257-3900 |

_____/

**BRIEF IN SUPPORT OF DEFENDANT LORI ANN EIRING'S MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

1

## I. **INTRODUCTION**

On or about March 30, 2009, Plaintiff Mark A. Price ("Plaintiff") filed the present *in pro per* Amended Complaint. The sole jurisdictional allegation against Defendant Lori Ann Eiring ("Ms. Eiring") is found in Paragraph 8 of the Amended Complaint, which states:

> Lori Ann Eiring was a Notary Public in the State of Colorado address 1450 North 12th Ave. Greeley, CO. 80631 former Notary ID 20054025926 formerly employed by Semperian, a wholly owned subsidiary of GMAC LLC.

These bare allegations are insufficient to assert personal jurisdiction over Ms. Eiring in Michigan.[1] In addition, the substantive allegations against Ms. Eiring involve the simple act of Ms. Eiring notarizing the signature on the documents attached as Exhibits 11, 12 and 13 to the Complaint.[2] For the reasons that follow, the Complaint against Ms. Eiring should be dismissed.

## II. **STANDARD OF REVIEW**

### A.    Fed.R.Civ.P. 12(b)(2).

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), it is well settled that Plaintiff bears the burden of establishing that personal jurisdiction exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In order to establish personal jurisdiction, Plaintiff must show that (1) Michigan's long-arm statute supports this court's exercise of personal jurisdiction, and (2) that the Due Process Clause of the Fourteenth Amendment is not violated by that exercise. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002); *Green v. Wilson*, 455 Mich. 342, 247, 565 N.W.2d 813 (1997). Once a defendant has filed a motion for dismissal, the Plaintiff "may not stand on ... [its] pleadings, but must, by

---

[1]  Ms. Eiring concurs in the Motion to Dismiss Amended Complaint previously filed by GMAC and Semperian in this matter (Docket #19), and accordingly moves for dismissal on the basis outlined therein. No response to this Motion has ever been filed by Plaintiff. In addition, Plaintiff filed a Motion for leave to file a Second Amended Complaint. Ms. Eiring concurs in the Brief in the Opposition to the Motion to Amend filed by GMAC and Semperian (Docket #31), and further requests that Plaintiff's Motion to file a Second Amended Complaint be denied. The Proposed Second Amended Complaint suffers from the same defect in personal jurisdiction as the Amended Complaint. The Proposed Second Amended Complaint simply states in paragraph 3 "Lori Ann Eiring 1450 N. 12th Ave. Greeley, CO 80631 and 1220 2nd Street Eaton CO 80615".

[2]  Exhibits 11, 12 and 13 are not attached to the Amended Complaint, and are not attached as part of the proposed Second Amended Complaint.

affidavit or otherwise, set forth specific facts showing that the court has personal jurisdiction [over the defendant]." *Theunissen*, *supra,* 935 F.2d at 1458. The Court may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions. *Id.* citing <u>Serras v. First Tenn. Bank Nat'l Ass'n</u>, 875 F.2d 1212, 1214 (6th Cir. 1989).

### III.  LAW AND DISCUSSION

I.  **THE STATE OF MICHIGAN'S LONG-ARM STATUTES DO NOT AUTHORIZE THE EXERCISE OF JURISDICTION OVER MS. EIRING.**

   A.  **MCL 600.701 DOES NOT PERMIT THE EXERCISE OF GENERAL PERSONAL JURISDICTION OVER MS. EIRING.**

The applicable Michigan law regarding general personal jurisdiction over individuals is found at MCL 600.701, which provides:

> The existence of any of the following relationships between an individual and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the individual or his representative and to enable such courts to render personal judgments against the individual or representative.
>
> (1)  Presence in the state at the time when process is served.
>
> (2)  Domicile in the state at the time when process is served.
>
> (3)  Consent, to the extent authorized by the consent and subject to the limitations provided in section 745.

None of the provisions of MCL 600.701 apply to this matter, as Ms. Eiring is a resident of the State of Colorado (as Plaintiff's Amended Complaint asserts), was not served in Michigan, and has not consented to personal jurisdiction in Michigan.

   B.  **MCL 600.705 DOES NOT PERMIT THE EXERCISE OF LIMITED PERSONAL JURISDICTION OVER MS. EIRING.**

The applicable Michigan law regarding limited personal jurisdiction over individuals is found at MCL 600.705, which provides:

> The existence of any of the following relationships between an individual or his agent and the state shall constitute a sufficient basis of jurisdiction to enable a

court of record of this state to exercise limited personal jurisdiction over the individual and to enable the court to render personal judgments against the individual or his representative arising out of an act which creates any of the following relationships:

(1)  The transaction of any business within the state.

(2)  The doing or causing an act to be done, or consequences to occur, in the state resulting in an action for tort.

(3)  The ownership, use, or possession of real or tangible personal property situated within the state.

(4)  Contracting to insure a person, property, or risk located within this state at the time of contracting.

(5)  Entering into a contract for services to be rendered or for materials to be furnished in the state by the defendant.

(6)  Acting as a director, manager, trustee, or other officer of a corporation incorporated under the laws of, or having its principal place of business within this state.

(7)  Maintaining a domicile in this state while subject to a marital or family relationship which is the basis of the claim for divorce, alimony, separate maintenance, property settlement, child support, or child custody.

Plaintiff's Amended Complaint does not assert anywhere that the Court has limited personal jurisdiction over Ms. Eiring. The lack of any allegation asserting limited personal jurisdiction Ms. Eiring - who Plaintiff knows is a Colorado resident - is clearly insufficient for Plaintiff to meet his burden to establish that limited personal jurisdiction exists in this matter. As such, even the minimal requirements of Michigan's long arm statute are not met, and the exercise of personal jurisdiction over Ms. Eiring is not proper under MCL 600.705.

**II.    THE EXERCISE OF PERSONAL JURISDICTION OVER MS. EIRING DOES NOT COMPORT WITH DUE PROCESS REQUIREMENTS.**

Even if Michigan's long-arm statute provides some basis for asserting personal jurisdiction over Ms. Eiring, the application of the long-arm statute would not comply with due process. Indeed, "constitutional concerns of due process limit the application" of Michigan's long-arm statute. _Theunissen_, *supra*, 935 F.2d at 1459. Due process requires that a defendant

4

maintain sufficient minimum contacts with a state such that asserting personal jurisdiction over the defendant comports with "traditional notions of fair play and substantial justice" required by the due process clause of the Federal Constitution. *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Sixth Circuit has examined the following criteria to determine if personal jurisdiction is appropriate:

> First, the defendant must purposefully avail himself of the privileges of acting in the forum state or causing consequences in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Tobin v. Astra Pharmaceutical Prods., Inc.*, 993 F.2d 528, 542-43 (6th Cir. 1993), *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374 (6th Cir. 1968).

Based on the foregoing criteria, the exercise of personal jurisdiction over Ms. Eiring is not appropriate in this case. Because Plaintiff cannot satisfy any of the three *Mohasco* requirements, Ms. Eiring's due process protections would be offended if personal jurisdiction were exercised in this case.

### A. MS. EIRING NEVER PURPOSEFULLY AVAILED HERSELF OF THE PRIVILEGE OF ACTING IN MICHIGAN.

The first *Mohasco* requirement – purposeful availment - serves to "ensure that a defendant will not be hailed into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1986). It also "allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed. 490 (1980). The Michigan Supreme Court has defined purposeful availment as "akin to either a deliberate undertaking to do or cause an act or thing to be done in Michigan, or conduct that can properly be regarded as a prime generating cause of the effects resulting in Michigan. . . " *Khalaf v. Bankers & Shippers Ins. Co.*, 404 Mich. 134, 153-54, 273 N.W2d. 811 (1978).

5

In this case, Ms. Eiring did not purposefully avail herself of the privilege of acting in Michigan or causing consequences in Michigan by simply notarizing a few documents in the scope of her employment while she was living and working in Colorado. Furthermore, there is no allegation that the signatures on the documents (that allegedly form the basis of Plaintiff's mistaken claims) are forgeries. The notary's sole duty is to determine the authenticity of the signatures, and there is simply no allegation that Ms. Eiring breached her duties as a notary public by notarizing a forged signature.[3] Plaintiff does not dispute that Ms. Eiring notarized authentic signatures.

### B. THE CAUSE OF ACTION DOES NOT ARISE FROM ACTIVITIES DIRECTED AT MICHIGAN.

In order to satisfy the second *Mohasco* requirement, the Plaintiff's cause of action must arise from activities directed at Michigan *and* that have allegedly caused consequences to occur in Michigan. In <u>Kerry Steel, Inc. v. Paragon Indus., Inc.</u>, 106 F.3d 147 (6th Cir. 1996), the alleged offer and acceptance between a Michigan plaintiff and an Oklahoma defendant was conducted over the telephone and via facsimile, and purchase orders were sent by the defendant directly to the plaintiff in Michigan. The defendant refused to pay the full purchase price because of an alleged non-conformity with the goods. The court determined that personal jurisdiction was not proper in Michigan because "[t]he purchase agreement between Paragon

---

[3] For example, Michigan's Notary Public Act, MCL 565.285, provides that:

> (1) A notary public may perform notarial acts that include, but are not limited to, the following:
>
>   (a) Taking acknowledgments.
>   (b) Administering oaths and affirmations.
>   (c) Witnessing or attesting to a signature.
>
>             * * *
>
> (4)   In witnessing or attesting to a signature, the notary public shall determine, either from personal knowledge or from satisfactory evidence, that the signature is that of the person in the presence of the notary public and is the person named in the record.

and Kerry Steel represents nothing more than an isolated transaction, as far as the record discloses. There is no indication in the record that Paragon intended to create an ongoing relationship in Michigan with Kerry Steel." *Id.* at 151. In finding no personal jurisdiction, the *Kerry* court concluded that the plaintiff's cause of action arose elsewhere:

> We are not persuaded that Kerry Steel has shown that its cause of action "arose from the Defendant's activities" in Michigan. At its most basic level, the claim arose out of Paragon's failure to pay the full purchase price, based on the purported non-conformity of the goods with the specifications of the contract. *The refusal to pay occurred in Oklahoma. Id.* at 152 (emphasis added).

In this case, when addressing the question of whether Plaintiff's cause of action arose from Defendant Eiring's activities directed at Michigan, the facts are even less compelling for a finding of personal jurisdiction than in *Kerry*. Ms. Eiring simply notarized some documents in the scope of her employment in Colorado, an as a notary pursuant to Colorado law. As such, Plaintiff's cause of action does not arise from any contact Ms. Eiring directed *at* the State of Michigan. Therefore, the second requirement of *Mohasco* is not satisfied, and the exercise of personal jurisdiction over Ms. Eiring is not appropriate.

### C. MS. EIRING'S ACTS DO NOT HAVE A SUBSTANTIAL ENOUGH CONNECTION WITH MICHIGAN TO MAKE THE EXERCISE OF PERSONAL JURISDICTION REASONABLE.

The third *Mohasco* requirement mandates that the acts of Defendant and the consequences of those acts have a substantial enough connection with Michigan to make the exercise of jurisdiction over Defendant reasonable. See *Mohasco, supra*, 401 F.3d at 381. In this case, Plaintiff alleges absolutely no connection between Defendant and Michigan. Plaintiff's residency in Michigan, standing alone, is not sufficient to confer personal jurisdiction over Ms. Eiring. Furthermore, the lack of any alleged contacts with Michigan by Ms. Eiring clearly fails the "substantial enough connection" requirement. To subject a Colorado citizen to suit in Michigan, under these facts, would be unreasonable. Ms. Eiring certainly could not have foreseen being hailed into a Michigan Court as a result of notarizing signatures on work-related documents.

### III. CONCLUSION

For all of the foregoing reasons, Defendant Lori Ann Eiring respectfully requests that this Honorable Court dismiss Plaintiff's Complaint against her pursuant to Fed.R.Civ.P. 12(b)(2).

Respectfully submitted,

Dated: August 27, 2009

Bolhouse, Vander Hulst, Risko, Baar & Lefere, P.C.

By: /s/ Joel W. Baar
Joel W. Baar (P56796)

Grandville State Bank Building
3996 Chicago Drive SW
Grandville MI 49418
Phone: (616) 531-7711
Attorneys for Defendants G.M.A.C., Semperian &
Lori Ann Eiring
joelb@bolhouselaw.com