FILED - KZ
September 9, 2009 2:55 PM
TRACEY CORDES., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
by /s/

# United States District Court
# Western District of Michigan

| | | |
|---|---|---|
| **Mark A. Price** <br> Plaintiff | ) <br> ) <br> ) | Case # 1:09 CV-085 |
| | ) <br> ) | HON. ROBERT J. JONKER <br> U.S. District Judge |
| V. | ) <br> ) <br> ) | |
| **Lori Ann Eiring** <br> **Semperian** <br> **Shonuette Galles (SIC)** <br> **G.M.A.C.** <br> **Kellie Klingaman** <br> **Lawrence Korolewicz** <br> **State Farm Insurance** <br> **State Farm Fire and-** <br> **Casualty Company** <br> **State Farm Mutual-** <br> **Automobile Insurance-** <br> **Company** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | HON. HUGH W. BRENNEMAN, JR. <br> U.S. Magistrate Judge |

## RESPONSE TO LORI EIRING

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Personal Jurisdiction over Lori Eiring is proper in the United States District Court, Western District of Michigan for the following reasons.

### INTRODUCTION

On or about January 20th, 2007 Lori Eiring conspired with Kellie Klingaman claims adjuster for State Farm Mutual Automobile Insurance Companies, Special Investigations Unit (SIU) located in Southwest Michigan, to provide notarization on a lien release for a 2003 Chevrolet truck VIN # 1GCHC24UX3Z136428, a vehicle belonging to the Plaintiff that had been credited with a payment made by State Farm Mutual Automobile Insurance Company based on a payoff letter sent September 27th, 2006 from the GMAC/Semperian office located in Greeley, Colorado.

State Farm Mutual Automobile Insurance Company, had no claim for, and was improperly in possession of the original lien release dated October 16th, 2006 for VIN # 1GCHC24UX3Z136428, as determined by an audit conducted by GMAC/Semperian in December of 2006, Plaintiff had a total loss, and had made a claim with his insurer, State Farm Mutual Automobile Insurance

Company, claim # 22-A480-051 for a 2003 Chevrolet pickup VIN # 1GCHK29U13E298936.

Kellie Klingaman of State Farm Mutual Automobile Insurance Company, blamed the GMAC/Semperian office located in Greeley, Colorado, for providing the payoff on VIN # 1GCHC24UX3Z136428 in error, When State Farm Mutual Automobile Insurance Company had requested the payoff on VIN # 1GCHK29U13E298936, Lori Eiring/Bothwell blamed State Farm Mutual Automobile Insurance Company, for requesting payoff on VIN # 1GCHC24UX3Z136428 as referenced in the FAX sent from GMAC/Semperian office in Greeley, Colorado on September 27th, 2006 because Kellie Klingaman/State Farm Mutual Automobile Insurance Company made payment for that vehicle, and never requested a payoff on VIN # 1GCHK29U13E298936.

On January 20th, 2007 Lori Eiring FAXED a second notarized lien release to Kellie Klingaman / State Farm Mutual Automobile Insurance Company for VIN # 1GCHC24UX3Z136428, and the discrepancy in VIN #'s was again noted.

Kellie Klingaman of State Farm Mutual Automobile Insurance Company, again contacted Lori Eiring / Bothwell, and claimed that Plaintiff was involved in some type illegal scheme, and that State Farm Mutual Automobile Insurance Company, was unable to correct the problem with the Plaintiff, Kellie Klingaman convinced Lori Eiring that State Farm Mutual Automobile Insurance Company had paid the proper amount of the claim, albeit to the wrong vehicle, and they were entitled to the lien release for VIN # 1GCHK29U13E298936. Plaintiff was never made aware of the problems, and without due process Lori agreed to notarize documents to allow State Farm Mutual Automobile Insurance Company to take ownership of Plaintiff's property.

On January 29th, 2007 Lori Eiring, Kellie Klingaman, and Shonuette Galles, conspired to produce a lien release showing that the lien in favor of GMAC had been satisfied as of October 16th, 2006 as indicated in the original lien release, but purporting to show that this satisfaction of lien was for a 2003 Chevrolet pickup VIN # 1GCHK29U13E298936.

Kellie Klingaman / State Farm Mutual Automobile Insurance Company, was in possession of the signed title provided by Plaintiff under the pretense that they had a payoff commitment from the lien holder, that they had calculated the Plaintiff's equity, and that they would be making the additional payment owed on the claim to GMAC, to satisfy the lien on behalf of the Plaintiff.

State Farm Mutual Automobile Insurance Company, provided a payment to the Plaintiff on September 27th, 2006 as the equity that belonged to the Plaintiff, and had the vehicle removed from Plaintiff's property by Auto Auction of Michigan, Auto Auction of Michigan was storing the vehicle, while waiting for the release of lien, and Kellie Klingaman / State Farm Mutual Automobile Insurance Company was under pressure to close out the claim.

Kellie Klingaman choose to hide her mistakes by conspiring with Lori Eiring / Bothwell of the GMAC / Semperian office in Greeley, Colorado, to produce a document that would purport to show that the vehicle had been paid.

Lori Eiring / Bothwell having the State granted power of a Notary, knowingly, and willingly notarized a document that would purport to show that State Farm Mutual Automobile Insurance Companies payment on October 16th, 2006 for VIN # 1GCHC24UX3Z136428, had been a payment on October 16th, 2006 for VIN # 1GCHK29U13E298936, to allow State Farm Mutual Automobile Insurance Company to submit this forgery along with the title supplied by Plaintiff to get a scrap title.

Kellie Klingaman / State Farm Mutual Automobile Insurance Company, faxed the document to the Auto Auction, on February 15, 2007 knowing the forged document would be submitted to the Michigan Secretary Of State, to deceive them into believing, that the lien had been satisfied. Auto Auction did submit the document, and the Michigan Secretary Of State issued a scrap title State Farm.

Kellie Klingaman / State Farm Insurance Company implemented a scheme to deny Plaintiff's claim by accusing Plaintiff of fraud, to prevent discovery of these fraudulent actions, when GMAC initiated a law suit in May of 2007 claiming they had not been paid for VIN # 1GCHK29U13E298936 Kellie Klingaman / State Farm Mutual Automobile Insurance Company assured Plaintiff they had paid for the vehicle, and denied knowing why GMAC was suing Plaintiff, Kellie Klingaman / State Farm Mutual Automobile Insurance Company did not provide any documents, or defend Plaintiff, and GMAC took a $15,000.00 judgment against the Plaintiff in July of 2007, when Plaintiff discovered the truth about the vehicle title in August of 2007, State Farm promised to investigate Kellies actions and provide Plaintiff with copies of all documents related to the vehicle claims, Kellie Klingaman / State Farm Mutual Automobile Insurance Company never provided these documents instead State Farm sent a letter denying Plaintiff's claim, alleging Plaintiff had been fraudulent with State Farm, never disclosing the scheme with Lori Eiring / Bothwell, and employees of the GMAC/Semperian office located in Greeley, Colorado.

After learning of the misapplication of the payment, Plaintiff sold the vehicle that had been paid in error to use the money to pay GMAC. GMAC / Semperian agreed to set aside the judgment it received due to State Farms fraud, and Plaintiff attempted to sue to recover his money in Cass County Michigan.

State Farm, and it's attorney again used the forged document in Cass County, Michigan to

obstruct justice, by claiming they had just discovered it in a title history received from the Michigan Secretary Of State on July 15th, 2008.

Kellie Klingaman / State Farm Mutual Automobile Insurance Company claimed to have never seen this document, and that GMAC had stonewalled them, and refused to provide documents on this transaction, making the request of the Michigan Secretary Of State necessary, State Farm claimed that Lori's signature as a Colorado Notary proved the document was legitimate. And that the Lien release was addressed to Plaintiff.

Plaintiff contacted GMAC / Semperian to request information about the document, it was this contact after the August 11th, 2008 hearing, when Plaintiff learned Lori was a supervisor for the GMAC / Semperian office located in Greeley, Colorado. Lori Eiring admitted to providing Kellie Klingaman / State Farm Mutual Automobile Insurance Company with the lien release, and that she had done so to help Kellie Klingaman, because Kellie had told her of what the Plaintiff was doing.

Lori Eiring knew she had not simply performed her duty, but admitted to Plaintiff in August of 2008 that she had notarized the document so that it would be viewed as authentic, and not questioned when submitted to the Michigan Secretary of State, Lori Eiring claimed State Farm was entitled to the vehicle so she gave them the release so they could get a scrap title Lori would not provide anything for Plaintiff to submit to the Court in Cass.

Plaintiff ultimately filed a complaint with the Secretary Of State Of Colorado against Lori Eiring, in which she admitted to knowingly, and willingly breaching her duty as a Notary, and has been banned from ever again becoming a Notary in State Of Colorado.

## STANDARD OF REVIEW

Plaintiff bears the burden of establishing personal jurisdiction. Bird v. Parsons, 289 F.3d 865, 871 (6th Cir.2002); MCNIC Oil & Gas Co. v. IBEX Resources Co., 23 F.Supp.2d 729, 732 (E.D.Mich.1998) (Gadola, J.). The standard for evaluating whether personal jurisdiction exists depends upon whether the Court conducts an evidentiary hearing on the issue. If the Court has not conducted an evidentiary hearing on this issue, Plaintiff "need only make a prima facie showing of jurisdiction." Bird, 289 F.3d at 871 (citation and internal quotation omitted). Under this standard, the United States Court of Appeals for the Sixth Circuit has stated that the pleadings and affidavits should be considered in the light most favorable to Plaintiff and has characterized Plaintiffs burden of establishing jurisdiction as "relatively slight." Welsh v. Gibbs, 631 F.2d 436, 438-39 (6th Cir.1980).

To establish personal jurisdiction, Plaintiff "must show that (1) the Michigan long-arm statute

4

supports the Court's exercise of personal jurisdiction and (2) the exercise of jurisdiction would not violate the Due Process Clause of the Fourteenth Amendment." Viches v. MLT, Inc., 127 F.Supp.2d 828, 830 (E.D.Mich.2000) (Gadola, J.). See also Neogen Corp. v. Neo Gen Screening, Inc., 282 F.3d 883, 888 (6th Cir.2002).

Using the "relatively slight" threshold standard Plaintiff has met a prima facie showing of jurisdiction in both the Amended Complaint, and the purposed Second Amended Complaint.

Plaintiff alleges that Lori Eiring was employed by Semperian a Michigan Company doing business in Michigan, a wholly owned subsidiary of GMAC LLC, a Michigan Company doing buisness in Michigan.

### Defendants

8. Lori Ann Eiring was a Notary Public in the State of Colorado address 1450 North 12th Ave. Greeley CO. 80631 former Notary ID 20054025926 formerly employed by Semperian, a wholly owned subsidiary of GMAC LLC.

Under the law of the forum where the Court is located, the Michigan long-arm statute permits limited personal jurisdiction over an individual or corporation, enabling the court to render personal judgments against the individual or corporation, when the cause of action arises out of the "transaction of any business within the state." M.C.L. § 600.705. The Michigan Court has previously noted that the standard of the Michigan long-arm statute is "extraordinarily easy to meet." Viches, 127 F.Supp.2d at 830 (Gadola, J.). The phrase, "any business within the state" has been very broadly interpreted. The Sixth Circuit has held that where a defendant does even the "slightest act of business in Michigan," the first statutory criterion for personal jurisdiction under the Michigan long-arm statute is satisfied. Lanier v. Am. Bd. of Endodontics, 843 F.2d 901, 906 (6th Cir.1988).

The next step is to consider whether Defendant has "minimum contacts" with the forum state such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Sixth Circuit has established a threepart test for this analysis. See Cole v. Mileti, 133 F.3d 433, 436 (6th Cir.1998); Southern Machine Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir.1968). First, the defendant must purposefully avail himself of the privilege of conducting activities within the forum state. Cole, 133 F.3d at 436. Second, the cause of action must arise from the defendant's activities there. Id. Third, the acts of the defendant or consequences caused by the defendant's actions must have a substantial enough connection with the forum state to make the exercise of

jurisdiction over the defendant fundamentally fair.

In the present case, Plaintiff alleges that Lori Eiring is a Notary Public of Colorado, where she swore under oath that she had read, and understood her duties, and the laws of Colorado for being a Notary in which the laws note, and indicate the use of Notarization being used to support proof of identity in other States, the use of her Notarization in a Michigan Court can be of no surprise, and her being subject to this Courts Jurisdiction as it relates to a Notarization is proper, and can be reasonably expected, by seeking, and accepting a Notary commission, and notarizing documents to be used in and directed at Michigan Lori purposefully availed herself of the privilege of conducting activities / Notarizations to be used within the State Of Michigan. And would be subject to personal jurisdiction of the Michigan Court when these activities / Notarizations are material to the injury suffered by Plaintiff in Michigan Cole, 133 F.3d at 436.

Plaintiff alleges that the transacted business / Notarization was part of a conspiracy with Kellie Klingaman claims adjuster for State Farm Mutual Automobile Insurance Company in the State of Michigan to acquire Plaintiff's property with out payment of the lien they had committed to pay on behalf of the Plaintiff.

### Second cause of action Civil Conspiracy
### Conspiring to produce a forged/fraudulent document.

33. On January 29th 2007 Kellie Klingaman, Lori Eiring, and Shonuette Galles (SIC) conspired to produce a lien release document showing GMAC to have been fully paid, for vehicle VIN "1GCHK29U13E298936" although, GMAC had received no money for this vehicle.

In the present case Lori has conducted business / engaged in business directed at the State Of Michigan providing sufficient grounds for the Court to exercise personal jurisdiction over her under M.C.L. § 600.705(1).

The alleged forgery purporting to show satisfaction of the lien on October 16th, 2006 was directed at a vehicle purchased in Michigan, from a Michigan dealership, the contracts were signed in Michigan, the vehicle was registered in Michigan, by a Michigan resident who owned a business with its principal place of business in Michigan, the vehicle was sometimes used by this company to conduct it's business in the State of Michigan, Lori's involvement, and the need for State Farm to acquire a Lien release was as a direct result of a fire, that occurred in Michigan, resulting in a claim against an insurance contract purchased in Michigan from an agent of State Farm, who's principal place of business is in Michigan, the forgery was written to deceive the Michigan Secretary Of State into believing GMAC's lien on a Michigan title had been satisfied, the forgery was faxed to Michigan, mailed in Michigan, and was relied upon to issue a Michigan scrap title, the injury to

6

Plaintiff, and loss of his homes was in Michigan, and subjects Defendant to the reach of the Michigan long arm statute under MCL § 600.705(6).

### Third cause of action violation of 42 USC 1983
### Fourteenth amendment Due Process

35. Lori Eiring, decided that State Farm Mutual Automobile insurance had paid the equivalent of money owed to GMAC through payments alleged to have been paid To or on behalf of Plaintiff, and without Due Process of Law Plaintiffs collateral was released to State Farm Insurance.

36. Shonuette Galles (SIC) produced a lien release document showing GMAC to have been fully paid, for vehicle VIN "1GCHK29U13E298936", and Lori Eiring using her State granted power of Notary IE the Notary seal, She affixed her seal to this fake document.

The Amended Complaint further alleges her direct, and indirect involvement in the Mail Fraud, Wire Fraud, and Securities Fraud, alleged as predicate acts in violation of 18 USC 1961, 1962, and 1964 (RICO).

Venue is proper in this district pursuant to 28 U.S.C. 1391 (a) (2), and (b) (2). Judicial District where a substantial part of the events occurred.

The District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Plaintiff request this Court deny Lori's motion to dismiss, and compel Lori to answer.

Respectfully Submitted,

I swear under penalty of perjury all information is true, and correct to the best of my knowledge.
MARK A. PRICE Pro Se
2500 Kathryn St
Niles, MI
PRO SE

Date 9-9-09
9-9-2009

(574) 532-1234

7